UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SWEET BABY LIGHTNING ENTERPRISES
LLC and JOHN SLATER,

            Plaintiffs,

            v.

KEYSTONE CAPITAL CORPORATION,
FRANK NOCITO and MALCOLM TAUB,

            Defendants.

No. 21-CV-6528 (RA)

MEMORANDUM
OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

    Plaintiffs Sweet Baby Lightning Enterprises LLC and John Slater (collectively, "Plaintiffs") bring this action against Defendants Keystone Capital Corporation, Frank Nocito, and Malcolm Taub (collectively, "Defendants"), raising claims arising from Defendants' alleged failure to repay a loan. On June 15, 2022, the Court dismissed Plaintiffs' original Complaint without prejudice, concluding that the loan at issue was unenforceable because it charged an interest rate in excess of New York's criminal usury rate. Dkt. 31, Memorandum Opinion & Order ("Opinion"). Now before the Court is Defendants' motion to dismiss Plaintiffs' Amended Complaint and strike certain allegations in the Complaint. Because Plaintiffs have failed to cure the deficiencies in their original Complaint, their claims are dismissed, this time with prejudice.

## BACKGROUND

The factual background is recounted in full in the Court's June 15, 2022 Memorandum Opinion & Order (the "Opinion"). The Court assumes familiarity with that background and summarizes the facts here only insofar as they are relevant to the pending motion.[1]

Plaintiff Sweet Baby Lightning Enterprises is a North Carolina limited liability company whose sole member is Plaintiff John Slater. Plaintiffs allege that Defendant Frank Nocito, the President and CEO of Defendant Keystone Capital, a Connecticut corporation, and Defendant Malcolm Taub, an attorney who represents Keystone Capital, failed to repay a loan dated August 21, 2019. Am. Compl. ¶¶ 2–8, 27. Pursuant to the loan agreement, Plaintiffs agreed to loan $100,000 to Keystone, and "in return," Keystone "promise[d] to pay to the order of [Sweet Baby Lightning and John Slater] the principal sum of $200,000," or, double the amount loaned. *Id.* ¶ 18; Hiller Dec. Ex. A ("loan contract") § 1. The loan's maturity date was September 15, 2019, just 25 days after the date of execution. *Id.* § 2. According to Plaintiffs, Defendants have failed to repay any portion of the loan. Am. Compl. ¶ 27.

Plaintiffs allege that the loan contract is "part of a larger Joint Venture between the parties, whereby Defendants offered their alleged expertise in real estate financing." Am. Compl. ¶ 33. Plaintiffs further allege that the parties were engaged in a number of business deals around the time the loan contract was executed, asserting that "[f]rom May 2018 to December 2020, Taub and Nocito offered a variety of financing tools for purchase of hotels, including the Banana Bay resort in Florida, the Wingate Hotel, Comfort Suites, Avalon Hotel, a Doubletree renovation, two Carolina Beach properties owned by Slater, which were refinanced to leverage other purchases,

---

[1] In addition to the allegations in the Complaint, the Court may consider "documents . . . incorporated in [the Complaint] by reference," *Brass v. Am. Film Technologies, Inc.*, 987 F.2d 142, 150 (2d Cir. 1993), such as the loan agreement and personal guaranties that are the subject of this dispute.

and a Hotel in Pine Grove." *Id.* ¶ 34. Attached to the Amended Complaint are dozens of pages of exhibits, many of which appear to be emails between the parties describing certain business arrangements. Dkt. 40-1.

Plaintiffs initiated this action on August 2, 2021, and on June 15, 2022, the Court dismissed the original Complaint, concluding that the loan contract charges an interest rate in excess of New York's criminal usury rate, and is thus unenforceable. Opinion at 5. The Court granted leave to amend, however, in the event Plaintiffs could overcome Defendants' usury defense by "plausibly alleg[ing] that the contract at issue is not a loan, but rather a joint venture; that Defendants intentionally set the loan's interest rate in order to avoid repayment; or that a special relationship did indeed exist between the parties." *Id*. at 10. Plaintiffs filed their Amended Complaint on August 8, 2022, and Defendants subsequently moved to dismiss.

**LEGAL STANDARD**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The Court must accept as true all factual allegations and draw all reasonable inferences in Plaintiffs' favor, *Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008), but it need not credit "mere conclusory statements," *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more

than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations and alterations omitted).

## DISCUSSION

### I. Claim for Breach of Contract

In dismissing the original Complaint, the Court held that the loan contract is unenforceable because it charges a criminally usurious interest rate. Opinion at 5. Nothing in Plaintiffs' Amended Complaint supports a different conclusion.

As an initial matter, the Court has little trouble determining, as it did in its prior Opinion, that the loan contract at issue here charges an interest rate that far exceeds New York's criminal usury rate. Under New York law, a loan "contract is void *ab initio* pursuant to N.Y. Gen. Oblig. Law § 5-511" when "the interest charged on [the] loan is determined to be criminally usurious under N.Y. Penal Law § 190.40"—that is, when the interest rate on a loan is set at or equivalent to 25% per year. *Adar Bays, LLC v. GeneSYS ID, Inc.*, 37 N.Y.3d 320, 323 (2021); N.Y. Penal Law § 190.40. As the New York Court of Appeals made clear in *Adar Bays*, a loan agreement that is void for criminal usury "prevent[s] recovery of both principal and interest." 37 N.Y.3d at 331; *see also Golock Cap., LLC v. VNUE, Inc.*, No. 21CV8103 (DLC), 2023 WL 3750333, at *5 (S.D.N.Y. June 1, 2023) (explaining that a finding that a loan's interest rate is criminally usurious renders "both the principal and the interest uncollectable"). A corporation may successfully raise a criminal usury defense to void a loan, as may guarantors of a corporate borrower. *See Adar Bays, LLC*, 37 N.Y.3d at 333; *Fred Schutzman Co. v. Park Slope Advanced Med., PLLC*, 9 N.Y.S.3d 682 (N.Y. App. Div. 2015). Here, the loan contract plainly states that "[i]n return for a loan of $100,000 … Borrower promises to pay to the order of Lender the principal sum of $200,000 Dollars, together with any additional fees or other charges," or, an effective interest rate of 100%

4

during the roughly three-week loan term, well in excess of the criminal usury rate of 25% per year. Hiller Decl. Ex. A; *see* Am. Compl. ¶ 17 ("Plaintiffs agreed to loan $100,000 to Keystone Capital. … In return for this loan, Keystone promised to repay Lender $200,000[.]"). The Amended Complaint alleges a failure to repay the same loan as the original Complaint, and Plaintiffs do not allege that different loan terms applied.

Much of Plaintiffs' brief in opposition to the motion to dismiss is difficult to decipher, citing long sections of cases without any context, and even including two pages of photos of Defendant Nocito and corporate logos. However, insofar as the Court can discern, Plaintiffs appear to make two arguments in an attempt to defeat a finding that the loan contract is unenforceable: first, that the parties were in a "special relationship," thus estopping Defendants from raising a usury defense; and second, that the loan was part of a "joint venture," to which usury laws do not apply. Neither has any merit.

First, under New York law, a borrower may be estopped from asserting a usury defense where, "as a result of a special relationship existing between the lender and borrower, the borrower induces reliance on the legality of the transaction." *Russo v. Carey*, 706 N.Y.S.2d 760, 761 (App. Div. 2000). "[S]pecial relationships" include "an attorney-client, fiduciary or trust relationship, or a longstanding friendship or similar relationship." *In re Venture Mortg. Fund, L.P.,* 245 B.R. 460, 475 (Bankr. S.D.N.Y. 2000) ("*Venture I*"), *aff'd* 282 F.3d 185 (2d Cir. 2002). A plaintiff cannot establish a special relationship where what the parties shared was "the symbiotic [relationship] existing between an investor with a lot of cash and a deal maker who could apparently put it to good and very profitable uses." *Venture II*, 282 F.3d at 189 (quoting *Venture I*, 245 B.R. at 477).

The Amended Complaint is devoid of allegations that support an inference that the parties were in a "special relationship." It does not allege that the parties had a longstanding friendship,

5

*c.f. Carlone v. Lion & the Bull Films, Inc.*, 861 F. Supp. 2d 312, 323 (S.D.N.Y. 2012) (concluding that parties were in special relationship where defendant acknowledged they were "family friend[s] for such a long time" and that borrower induced reliance based on parties' friendship), nor does it allege that they were in any fiduciary or attorney-client relationship, *c.f. Abramovitz v. Kew Realty Equities, Inc.*, 580 N.Y.S.2d 269 (N.Y. App. Div. 1992) (concluding that an attorney had duty to tell plaintiff about the usurious nature of a loan). At best, Plaintiffs allege that the parties had an ongoing business relationship, asserting that "[f]rom May 2018 to December 2020, Taub and Nocito offered a variety of financing tools for purchase of hotels[.]" Am. Compl. ¶ 34. Some of the exhibits attached to the Amended Complaint, which appear to be emails between the parties discussing various business arrangements, arguably support that conclusion. But under New York law, an "arm's length business relationship is not enough" to establish a special relationship, *St. Paul Fire & Marine Ins. Co. v. Heath Fielding Ins. Broking Ltd.*, 976 F. Supp. 198, 203 (S.D.N.Y. 1996) (quoting *United Safety of Am., Inc. v. Consolidated Edison Co.*, 623 N.Y.S.2d 591, 593 (N.Y. App. Div. 1995)), and nothing in the Amended Complaint or the exhibits indicates that anything more existed between the parties.

Plaintiffs assert for the first time in their opposition brief that "Taub held himself out as experienced counsel for Nocito and his purported 'investment companies'" and "Taub and Nocito drafted and revised the Note and guaranty [and] … presented the terms of the repayment as a profitable venture." Pl. Opp. at 14. But those allegations are not raised anywhere in the Amended Complaint, and "[i]t is well-settled that a 'claim for relief may not be amended by the briefs in opposition to a motion to dismiss." *Teamsters Allied Benefit Funds v. McGraw*, No. 09-CV-140 (PGG), 2010 WL 882883, at *8 (S.D.N.Y. Mar. 11, 2010) (quoting *Yucyco, Ltd. v. Republic of Slovenia,* 984 F.Supp. 209, 216–217 (S.D.N.Y.1997)). Moreover, even if the Court were to credit

6

those assertions, neither is availing. The first—that Taub "held himself out as experienced counsel"—is conclusory and cites no factual support, and the second—that Defendants "drafted" the loan agreement—would not, by itself, defeat a usury defense. *Bakhash v. Winston*, 19 N.Y.S.3d 887 (N.Y. App. Div. 2015) (explaining that "even if defendant drafted the note, that does not relieve the lender from a defense of usury" (citation omitted)); *see also Hufnagel v. George*, 135 F. Supp. 2d 406, 409 (S.D.N.Y. 2001) ("The fact that the borrower suggests the interest rate, standing alone does not relieve the lender of the defense of usury.").[2]

Next, Plaintiffs' attempt to characterize the loan as a "joint venture" to defeat Defendants' usury defense is similarly unsupported by any allegations in the Amended Complaint. Under New York law, joint ventures—"which are not subject to the usury laws," *Adar Bays, LLC*, 37 N.Y.3d at 334—exist where "(a) two or more persons enter into an agreement to carry on a venture for profit; (b) the agreement evinces their intent to be joint venturers; (c) each contributes property, financing, skill, knowledge, or effort; (d) each has some degree of joint control over the venture; and (e) provision is made for the sharing of both profits and losses." *Total Asset Recovery Servs. v. Huddleston Cap. Partners VIII LLC*, 2022 WL 1052683, at *6 (S.D.N.Y. 2022). Plaintiffs do not allege any elements of a joint venture, pleading no facts that suggest the parties engaged in "the sharing of profits and losses, joint control and management of [a] company, [or] contribution of capital." *Baytree Assocs., Inc. v. Forster,* 659 N.Y.S.2d 19 (N.Y. App. Div. 1997). In their brief, Plaintiffs claim they have alleged "with more than 40 supporting exhibits, that the August 2019 contract was part of a larger Joint Venture between the Parties, whereby Defendants offered their

---

[2] Moreover, the exhibits attached to the Complaint indicate that Howard Rabin, Plaintiffs' attorney, sent a draft loan contract to Defendants for *their* review—arguably indicating that Rabin was the one to write it. Dkt. 40-1, Ex. 32 (containing email from Rabin stating "[p]lease see attached draft Note and Guaranty for your review and comment" and response from Defendants Taub stating "Howard: [p]lease make the Guarantee joint and several between me and Frank Nocito").

7

alleged expertise in real estate financing and hotel acquisition." Pl. Opp. at 9. But as discussed above, the exhibits attached to the Complaint, which are largely unexplained and supported with no context, appear to be discussions of business deals and acquisitions. They contain no indication that the loan contract at issue was connected to any larger venture, or, for example, that Plaintiffs were "directly exposed to market risk in the value of the underlying asset." *Adar Bays, LLC*, 37 N.Y.3d at 334 (explaining that parties not directly exposed to market risk "are likely to be lenders, not investors" in a joint venture).

Accordingly, because the Amended Complaint provides no basis for overcoming a usury defense, the Court concludes—as it did in its prior Opinion—that the loan contract is unenforceable. Plaintiffs' breach of contract claim must therefore be dismissed.

## II.     Plaintiffs' Remaining Claims

Plaintiffs' claims for fraud, conversion, unjust enrichment, and violations of the New York Debtor-Creditor Law fail for the same reasons explained in the Court's Opinion dismissing the original Complaint. First, the allegations in the Amended Complaint with respect to Plaintiffs' claim for fraud are virtually identical to those in the original Complaint. As the Court explained in its prior Opinion, Plaintiffs do not allege anything more than promises to perform under the contract, which cannot support a fraud claim. *See, e.g.*, *Ithaca Cap. Invs. I S.A. v. Trump Panama Hotel Mgmt. LLC*, 450 F. Supp. 3d 358, 370 (S.D.N.Y. 2020) ("A party's mere promise to perform its contractual obligations, even if knowingly false at the time of making, is not enough to support a claim of fraud under New York law."). The only relevant additional allegation—that "Nocito and Taub intended to defraud Plaintiffs from the inception of the relationship," Am. Compl. ¶ 52— is conclusory and does not support a different outcome. Second, given the Court's finding that the loan contract is void for usury, Plaintiffs are precluded from pursuing an unjust enrichment claim.

*Am. E Grp. LLC v. Livewire Ergogenics Inc.*, No. 18-CV-3969-GHW, 2020 WL 469312, at *12 (S.D.N.Y. Jan. 28, 2020), *aff'd*, No. 21-1891-CV, 2022 WL 2236947 (2d Cir. June 22, 2022); (holding that an unjust enrichment claim must be dismissed on the basis of unclean hands when the plaintiff had charged criminally usurious interest). Third, Plaintiffs' conversion claim must be dismissed as duplicative of the dismissed breach of contract claim, because it is based on the same facts and seeks the same relief. *See Ellington Credit Fund, Ltd. v. Select Portfolio Servicing, Inc.*, 837 F. Supp. 2d 162, 204 (S.D.N.Y. 2011) (explaining that a "conversion claim may only succeed . . . if a plaintiff alleges wrongs and damages distinct from those predicated on a breach of contract").

Finally, the claims for conversion and unjust enrichment fail for the additional reason that Plaintiffs do not contest, or even address, Defendants' arguments in support of dismissal of those claims, and have thus abandoned them. As the Second Circuit has made clear, in counseled cases, "a court may, when appropriate, infer from a party's partial opposition that relevant claims or defenses that are not defended have been abandoned." *Farag v. XYZ Two Way Radio Serv., Inc.*, 2023 WL 2770219, at *2 (2d Cir. Apr. 4, 2023); *see Ramirez v. Temin & Co., Inc.*, No. 20-CV-6258 (ER), 2021 WL 4392303, at *9 n.2 (S.D.N.Y. Sept. 24, 2021) ("Numerous courts have held that a plaintiff's failure to address an issue in its opposition raised by its adversary amounts to a concession or waiver of the argument."). Plaintiffs' brief altogether fails to respond to Defendants' arguments in support of their motion to dismiss Plaintiffs' conversion, unjust enrichment, and New York Debtor-Creditor Law claims. Accordingly, those claims must be dismissed.

### III.   Leave to Amend

Whether to grant leave to amend a complaint is committed to the "sound discretion of the district court," and may be denied when amendment would prove futile. *McCarthy v. Dun &*

*Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). For instance, "[g]ranting leave to amend is futile if it appears that plaintiff cannot address the deficiencies identified by the court and allege facts sufficient to support the claim." *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 347 F. App'x 617, 622 (2d Cir. 2009). Here, Plaintiffs do not specifically seek leave for further amendment. Given that Plaintiffs have already been given an opportunity to amend, the Court concludes that further amendment would be futile. Accordingly, the Court thus finds dismissal with prejudice is warranted.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted. The Clerk of Court is respectfully direct to terminate the motions pending at docket entry 44, and to close this action. SO ORDERED.

Dated:   August 18, 2023
         New York, New York

                                          Ronnie Abrams
                                          United States District Judge